Sedgwick, J.
The defendant had sold to the plaintiff, a, promissory note signed Franklin Farrel & Co., payable to the order of W. M. Babbitt, and indorsed by the payee. The plaintiff paid to the defendant $2,756.45.
*270 The plaintiff’s cause of action was based by the argument of the appellant’s learned counsel upon the proposition claimed to be sound, that the defendant in transferring the note, without his indorsement, warranted by legal implication, that the note was genuine.
It was claimed upon the trial that the note was not genuine, because as claimed there was no firm of Franklin Far-rel & Co.
I am of opinion that if the facts existed as claimed by the appellant the defendant was not liable. There was no legal implication, that he warranted the genuiness of the note as to its making.
In general, the transferrer of a note by delivery is liable, as upon a warranty of genuineness, although he do not indorse it, if the note be forged. According to some approved text writers it is not certain that this liability exists, when the transferrer, having title to the paper, sells it to a plaintiff as distinguished from transferring it, as security for antecedent indebtedness. 1 Chitty on Bills, 244 and 246; Parsons on Notes and Bills, 37, 38, 590; Story on Promissory Notes, § 118.
The cases that have been cited for appellant, to maintain a liability are instances of instruments, in the hands of the transferrer, payable to bearer, without any indorsement, and the maker’s name is forged, or of forged indorsements. In the former cases the transferrer delivers a nullity, to ' which there can be no title. In the latter case the transferrer has no title.
The present case is of a forged making, at least for appellant, with a genuine indorsement. No case that has been cited presents such a combination of facts. By this indorsement the defendant made a valid title, and so far as that is concerned, there was no breach of the implied warranty.
The presumption of the law as to the inception and transfer of commercial paper payable to another person is that after being made it is delivered to the payee, that, after indorsement it is delivered mediately or immediately, through delivery or further indorsement, to the transferrer who does not indorse. It is not presumed that the transferrer has been in communication with the maker or knows anything of the circumstances of the making. He is not presumed to suspect a forgery, and therefore he is not presumed to have inquired. A forgery is an unusual, occurrence. Why has the. law made an indorsement to mean in part a contract that the maker’s name is not forged? It is that there shall be no necessity for the buyer to make inquiries for himself as to whether the making is. forged.
*271 When the plaintiffs bought from the defendant, they. could not believe that the latter knew the signature of the makers or had made inquiries. They had reason to think, as indeed the fact was, that the defendant relied on the indorsement of Babbitt, and presented the paper with the indorsement as a contract as to genuineness. I am therefore of opinion that the defendants’ implied warranty applied only to title and the genuineness of the indorsement.
Beyond this I am not of opinion that a warranty of genuineness is not satisfied by the making being of the kind that appears here. The signature of Franklin, Farrel & Company was actually signed by Babbitt. He claimed rightly and honestly, or the reverse, to be a partner of Franklin, Farrel & Company.
The. defendant, if he is to be held to the effect of the act of making as it was, although he was not connected with it, is entitled to what there is of aid in the facts as well as of .burden.
In the ordinary course of affairs a firm signature is made actually by an individual who claims to be a partner, and, as such, an agent to bind whoever is his partner. Every firm signature has such a purport. It had, in this case, as much as if it had been Franklin, Farrel & Co., per William Babbitt. In- such form the signature would be genuine and would bind Babbitt at least. From the signature that was made the plaintiffs knew that an individual had signed, making the claim of authority as to others.
In my opinion, there was no warranty by the defendant that the person signing had the authority to sign the name he did, because such a warranty could be only on the supposition that the defendant should have examined the facts and ascertained the law. A satisfactory and decisive examination of such a matter would be impossible in business. Only impressions and guesses could be made. In this respect the principle of Littauer v. Goldman (72 N. Y., 509), is to be applied.
The practical grievance complained of by the plaintiffs is that Franklin Farrel, a responsible man, was. not bound by the note as made. If the defendant had made a representation that Franklin Farrel was a member of such a firm, a question might have arisen that does not arise in this case.
The plaintiffs, through their cashier, wrote to the defendant, “You have note of Franklin Farrel, I understand, and the defendant answers, I still have note of Franklin Farrel & Co. The plaintiffs replied, you may send in the note of Farrel & Co.” The names were used in these letters as matters of. description. Lamert v. Heath, 15 M. & W., 485; commented upon in Littauer v. Goldman, 72 N. Y., 516.
*272 As the case did not disclose any breach of warranty, the appellant is not aggrieved and the judgment and order should be affirmed, with costs.
Ingraham, J.—The
liability of the vendor of a promissory note, without endorsement, to refund the consideration to the vendee, where it subsequently appears that the note was void, has been much discussed by text writers and in reported cases, and some confusion has arisen as to the ground of the liability and the extent of the implied warranty by the vendor.
It has long been settled that where a note is transferred without endorsement or by endorsement without recourse, if it should subsequently appear that the note was a forgery, the vendor is liable to refund the money received by him, with interest, but this liability is not because of any implied warranty, but because the vendee Is entitled to have an article answering the description of that which he bought; what he buys is a note, and if it should turn out that the thing delivered under such a contract was a mere piece of waste paper, the vendor has not performed the contract and there is no consideration for the payment of the money, and he should not be permitted to retain it.
Mr. Benjamin, in his work on sales, section 600, quotes, with approval, the remarks of Lord Abinger in Chanter v. Hopkins (4 M. & W., 399): “But in many of the cases the .circumstance of a party selling a particular thing by its proper description has been called a warranty, and a breach of such a contract, a breach of warranty, but it would be better to distinguish such cases as a non-compliance with a contract which a party has engaged to fulfill: as if a man offers to buy peas of another and he sends him beans he does not perform his contract; but that is not a warranty. There is no warranty that he should sell him peas; the contract is to sell peas and, if he sells anything else in their stead, it is a non-performance of it;” and says: “ There can be no doubt of the correctness of the distinction here pointed out, viz.: On the sale of a described article, the tender of the article answering the description is a condition precedent to the purchaser’s liability, and if this condition is not performed the purchaser is entitled to reject the article, or, if be has paid for it, to recover the price as money had and received for his use,” and, at section 607, the author says: “Under this head may also properly be included the class of cases in which it has been held that a vendor who sells bills of exchange, notes, shares, certificates and other securities is bound, not by a collateral contract of warranty, but by the principal contract itself to deliver as a condition precedent, that which is genuine, not *273 that which is false, counterfeit or not marketable by the name or denomination used in describing it.”
The liability, therefore, of the vendor to refund the amount paid, depends not upon an implied warranty, but upon a failure on his part (that of the vendor) to carry out his contract of sale.
And this is the view taken by the court of appeals in this state in Littauer v. Goldman (72 N. Y., 514), where it is said: “ The case of a forged endorsement, as we have seen, rests upon a different principle, viz.: that there is no note.”
There is also in the case of the sale of a promissory note or negotiable instrument as in the case of all other personal property, an implied warranty that the vendor has a good title to transfer to the vendee, and if this title fails, as if ah endorsement of the payee was forged, the vendor is liable to refund the money paid by the vendee; but this can be sustained upon the same principle, because by the transfer the vendor having nothing to transfer, transfers nothing to the vendee, and, in this state, since the decision of Littauer v. Goldman (supra), the liability of the vendor of a bill of exchange is limited to these two cases, for after an examination of the principles applicable to the contract entered into upon the sale of negotiable paper, and the authorities bearing upon the subject, the court says: “The examination we have made of the question shows that the law in regard to the transfer of negotiable bills of exchange and promissory notes as laid down for a century or more, only excepts two cases as coming within the doctrine of implied warranty, viz.: A warranty of title, and that the instrument is genuine and not a forgery. And in Otis v. Cullum (2 Otto, 448) the supreme court of the United States held, that on the sale of negotiable paper the seller is liable ex delicto for bad faith, and ex contractu; there is an implied warranty on his part that they belong to him, and that they are not forgeries; where there is no express stipulation there are no liabilities beyond this, and that a vendor of bonds of a city was not liable when it appeared that the bonds were void as not issued as required by law.
To entitle plaintiff to recover in this action, therefore, he was bound to show that the defendant has failed to carry out his contract viz.: To sell him a note of the firm of Franklin Farrel & Co., either by showing that the note delivered under the contract was forged, or that the vendor had no title to the note delivered.
It appeared in evidence that the negotiations between the parties commenced by a letter written by the plaintiff to the defendant as follows:
*274 “Dear Sir—You have a note; Franklin Farrel, I understand, indorsed at seven per cent. Please inform me who is the indorser V’
And in reply to that letter, on the day following, defendant wrote:
“I still have note of Franklin Farrel & Co., Ansonia, Conn., indorsed by William P. Babbitt, due March 18th, seven per cent.”
In reply to this, on December 24th, the plaintiff wrote to the defendant:
“You may send in the note of Farrel & Co., $2,800,” and in answer to that letter the note in question was sent to the plaintiff, and the defendant received therefor the face of the note, less the interest.
It will be noticed that in this correspondence the defendant nowhere states that he has a note of Franklin Farrel, or upon which Franklin Farrel is liable, but has the note of the firm of Franklin Farrel & Co. It is nowhere represented that Franklin Farrel is a member of that firm, nor does it follow as a necessary implication that because the firm name was Franklin Farrel and Co., that Franklin Farrel individually was a member of that firm. The use of name of an individual to designate a firm name when the individual whose name is used is not a member of the firm, is, under certain circumstances, expressly authorized by law in this state. See chapter 400, Laws of 1854; chapter 144, Laws of 1863; chapter 256, Laws of 1868.
And a note given by a firm continued under the provisions of these acts, could not be held to be a representation that a person whose name appeared in the firm name was a member of the firm. It is, therefore, clear that it cannot be said that on the sale of a note there is any implied warranty that the person whose name appears in the firm name is a member of the firm or liable upon this note.
So far as appears, the only firm of that name was the firm under which Babbitt attempted to do business, and assuming that there was no copartnership agreement between Farrel and Babbitt, that firm then consisted of Babbitt alone. The bill was a valid bill of that firm. Plaintiff assumed that Farrel was a member of the firm because his name appeared, and bought the note on the faith of that assumption; but defendant nowhere represented that Farrel, was a member of the firm, and as plaintiff relied on their own assumption of the fact, if it turns out to be an error, there is no reason why the defendant should be responsible for such error. The plaintiff by inquiring of Farrel could have, ascertained the fact, or he could have insisted upon a guarantee from the defendant and refused to buy unless it was given.
*275 The evidence in this case showed that there was a contract between Babbitt and Barrel to engage in the manufacture of certain machines, and that Babbitt had been advised by counsel that that agreement constituted a partnership between himself and Barrel, and that relying upon that advice, he signed the note in suit.
Whether or not Barrel was a member of the firm, and. was liable, depended upon the fact whether or not the contract between the parties constituted him a member of the firm of Branklin, Barrel & Co. The note was a valid note of the person doing business under that name, and Babbitt by adopting that name as the name under which he was doing business, the note was valid as to him.
The note itself therefore, was not a void note; nor was the signature of the firm of Franklin, Barrel & Co., forged.
In the case of Commonwealth v. Baldwin (11 Gray, 197), it has been expressly held that where a person made and delivered a note signed Schouler, Baldwin & Co., and stating at the same time that he ana one Schouler, composed the firm, and there was no such partnership, that such an act did not constitute the crime of forgery, at common law.
’ By the transfer of the note indorsed by the payee in blank, the defendant became the lawful holders, and had a good title and a right to transfer it, and there is no evidence in this case to show that the defendants had the knowledge of any facts which proved the paper worthless.
The scienter necessary to establish a liabilty ex delicto was not proved (Littauer v. Goldman, supra), and under the authority of that case the rule caveat emptor applies. People’s Bank, etc. v. Bogart, 81 N. Y., 106.
The case comes within the illustration put by Lord Campbell in Gompertz v. Bartlett ( 2 E. and B., 854), “If it had been a foreign bill and there had been a secret defect the risk would have been that of the purchasers.”
I am, therefore, of the opinion that plaintiff failed to establish' any liability on the part of the defendant and that the complaint should have been dismissed. The judgment being in favor of the defendant, should, therefore, be affirmed, with costs, and I, therefore, concur with the chief judge in his conclusion.